Patrick O. PRIMEAUX, Appellant,

v.

CONOCO, INC., Appellee.

No. 01–96–01134–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 21, 1997.

---

Andrew S. Golub, Joseph Y. Ahmad, Houston, for Appellant.

Tonya E. Chatton, Houston, for Appellee.

Before WILSON, NUCHIA and BASS,* JJ.

* Sam H. Bass, retired Justice, Court of Appeals, First District of Texas, at Houston, sitting by assignment.

## OPINION

WILSON, Justice.

Appellant, Patrick O. Primeaux, appeals a take-nothing summary judgment rendered in favor of appellee, Conoco, Inc. Primeaux alleges Conoco discriminated against him in violation of the Texas Commission on Human Rights Act[1] in that Conoco refused to rehire him because he was disabled. On appeal, Primeaux urges a single point of error claiming the trial court erred in rendering summary judgment in favor of Conoco. We reverse and remand.

## FACTS

Primeaux worked for Conoco as a truck driver at Conoco's La Porte Terminal from 1988 to 1992. On April 2, 1992, Primeaux injured his lower back while working for Conoco. Following his injury, Primeaux was unable to return to his duties as a driver, but he continued to perform light duty jobs. He was paid until approximately September 1, 1992. For approximately six months following September 1, 1992, Conoco continued to pay Primeaux his full salary even after the light duty work was completed.

Prior to 1992, Conoco instituted a policy at its La Porte Terminal under which it terminated employees unable to return to their regular duties after one year unless they provided evidence they would be released to return to regular duty within a few days after receiving notice of their effective termination date. Pursuant to this policy, on April 28, 1993, Conoco informed Primeaux, by letter, that his employment with the company would terminate effective May 15, 1993. Conoco terminated Primeaux's employment on May 15, 1993.

In late May 1993, Primeaux's doctor released him to return to work, but restricted him from lifting any weight of 40 pounds or more. On November 8, 1993, Primeaux sought reemployment from Conoco at its La Porte Terminal. Conoco did not rehire him. Primeaux filed suit against Conoco alleging discrimination based upon Conoco's refusal

1. TEX. LAB.CODE ANN. § 21.001— § 21.306 (Vernon 1996).

to rehire him due to his "disability" in violation of section 21.051 of the Texas Commission on Human Rights Act.

Conoco filed its motion for summary judgment asserting Primeaux was not "disabled" as that term is statutorily defined under section 21.002(6) of the Texas Commission on Human Rights Act. Alternatively, Conoco argued that even if Primeaux was "disabled," he was not rehired for legitimate, nondiscriminatory reasons. Without specifying the grounds, the trial court granted Conoco's motion for summary judgment ordering that Primeaux take nothing by his action against Conoco.

## STANDARD OF REVIEW

■ Summary judgments are intended to eliminate patently meritless claims or untenable defenses. *Swilley v. Hughes,* 488 S.W.2d 64, 68 (Tex.1972). The summary judgment movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985). A summary judgment that disposes of a plaintiff's entire case is proper only if the defendant can show the plaintiff could not succeed on any theories pled. *Leach v. Conoco, Inc.* 892 S.W.2d 954, 959 (Tex.App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). On appeal, all evidence favorable to the nonmovant will be taken as true and every reasonable inference indulged in the nonmovant's favor. *Nixon,* 690 S.W.2d at 548–49. Evidence favorable to the movant will not be considered unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

## DISCUSSION

In his sole point of error, Primeaux asserts the trial court erred in granting Conoco summary judgment. Primeaux asserts the trial court erred because Conoco did not carry its summary judgment burden of conclusively establishing that he was not "disabled" under any of three statutory definitions of "disabled"; and its reasons for not rehiring him were legitimate and non-discriminatory.

■ To be entitled to summary judgment, Conoco, as the defendant-movant, need only negate one element of Primeaux's cause of action. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Farrington v. Sysco Food Serv., Inc.,* 865 S.W.2d 247, 250 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (op. on reh'g). If Conoco produces sufficient evidence to establish its right to summary judgment, Primeaux must present evidence sufficient to raise a fact issue to avoid summary judgment. *Pinckley v. Dr. Francisco Gallegos,* 740 S.W.2d 529, 531 (Tex.App.—San Antonio 1987, writ denied). Because the trial court did not specify the grounds upon which summary judgment was granted, Primeaux must defeat each ground urged by Conoco. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Farrington,* 865 S.W.2d at 250. Therefore, Primeaux's point of error may be more precisely rephrased as two separate issues. First, did the trial court err in determining, as a matter of law, that he was not "disabled" under section 21.002(6) of the Texas Commission on Human Rights Act? Second, did the trial court err in determining, as a matter of law, that Conoco's reasons for not rehiring him were legitimate and nondiscriminatory?

■ Primeaux's cause of action arises under the Texas Commission on Human Rights Act, TEX. LAB.CODE ANN. § 21.001— § 21.306 (Vernon 1996) (the TCHRA). The purpose of the TCHRA is to provide for the execution of the policies embodied in Title I of the Americans with Disabilities Act of 1990 and its subsequent amendments.[2] TEX. LAB.CODE ANN. § 21.001(3) (Vernon 1996).

The TCHRA states that

[a]n employer commits an unlawful employment practice if because of race, color, *disability*, religion, sex, national origin, or age the employer:

---

2. 42 U.S.C.A. § 12101 (West 1995) (the ADA). One of the purposes behind the TCHRA is the correlation of state law with federal law in the area of employment discrimination. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991). Therefore, it is proper to look to federal case law when appropriate. *Holt v. Lone Star Gas Co.,* 921 S.W.2d 301, 304 (Tex.App.—Fort Worth 1996, no writ); *Farrington,* 865 S.W.2d at 251.

(1) *fails or refuses to hire an individual,* discharges an individual, or discriminates in any manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; . . . .

TEX. LAB.CODE ANN. § 21.051 (Vernon 1996) (emphasis added).

The TCHRA defines "disability" to mean, "with respect to an individual, a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." TEX. LAB.CODE ANN. § 21.002(6) (Vernon 1996).[3] There are three scenarios, then, under which an individual may have a disability: the individual may actually have a present disability; the individual has a record of a past disability; or the individual is perceived to have a disability. *Anderson v. Gus Mayer Boston Store of Delaware,* 924 F.Supp. 763, 773 (E.D.Tex.1996).

Primeaux asserts he is "disabled" under all three alternative statutory definitions of the word "disabled": (1) he actually has a disability and Conoco discriminated against him because of that disability; (2) he had a record of having a disability and on that basis Conoco discriminated against him; and (3) Conoco perceived or regarded him as having

a disability and, based upon that perception, discriminated against him.

Conoco asserts that Primeaux's claim of disability is defeated under any of the definitions of "disabled."[4] The statutory definitions of "disability" employ the phrase "such an impairment": "a mental or physical impairment that substantially limits at least one major life activity of that individual, a record of such an impairment, or being regarded as having such an impairment." TEX. LAB.CODE ANN. § 21.002(6) (Vernon 1996). Therefore, Conoco concludes that because the phrase "such an impairment" refers back to the preceding phrase "impairment that substantially limits at least one major life activity of that individual," a finding of disability is required under all three definitions of the word.

■ Conoco is incorrect in its analysis. Primeaux may be considered "disabled" under the TCHRA if he was regarded as having an impairment that substantially limited a major life activity—whether he actually had an impairment or not. *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723, 727 (5th Cir.1995); 42 U.S.C.A. § 12102(2)(C) (West 1995); 29 C.F.R. § 1630.2, App., § 1630.2(*l*) (1996).[5]

■ The determination of whether an individual is disabled is necessarily fact intensive. *Byrne v. Board of Ed., Sch. of West Allis–*

---

3. The ADA's definition is substantially the same. The ADA defines disability to mean a "physical or mental impairment that substantially limits one or more of the major life activities of such individual; . . . a record of such impairment; or . . . being regarded as having such an impairment." 42 U.S.C.A. § 12102(2) (West 1995).

4. Conoco also asserts that Primeaux's pleadings do not support the second and third theories underlying the statutory definition of "disabled" (having a record of a disability or being regarded as having a disability) in that Primeaux only asserted these two theories for the first time in his response to its motion for summary judgment. Conoco further asserts Primeaux's pleadings are defective because he did not plead in the alternative. As discussed further below, the Court need not reach these issues.

5. The Equal Employment Opportunity Commission (EEOC) promulgated regulations to implement Title I of the ADA (29 C.F.R. Part 1630) (1996), which provide guidance on the meaning of certain terms. *See* 42 U.S.C.A. § 12116 (1996)

(requiring EEOC to issue regulations to implement Title I of the ADA). The EEOC also issued an appendix to 29 C.F.R. Part 1630 entitled "Interpretive Guidance on Title I of the Americans with Disabilities Act." *See* 29 C.F.R. Part 1630, Appendix to Part 1630—Interpretive Guidance on Title I of the Americans with Disabilities Act, § 1630.01(a) (1996).

The appendix provides three different ways in which an individual may be "regarded as having a disability":
(1) The individual may have an impairment which is not substantially limiting but is perceived by the employer or other covered entity as constituting a substantially limiting impairment;
(2) The individual may have an impairment which is only substantially limiting because of the attitudes of others toward the impairment; or
(3) The individual may have no impairment at all but is regarded by the employer or other covered entity as having a substantially limiting impairment.
29 C.F.R. § 1630.2, App., § 1630.2(*l*) (1996).

*West Milwaukee,* 979 F.2d 560, 565 (7th Cir. 1992) (determination should be made on a case-by-case basis); *Forrisi v. Bowen,* 794 F.2d 931, 933 (4th Cir.1986) ("Courts must analyze whether a particular impairment creates a significant barrier to employment for a particular person.").

■ Conoco asserts Primeaux is not disabled because he does not have, does not have a record of having, and was not regarded as having an impairment that substantially limited a major life activity. Conversely, Primeaux contends he is disabled because he is substantially limited in the major life activity of working. Therefore, the initial inquiry into whether Primeaux is "disabled" must focus on whether his physical impairment, if any, substantially limits a major life activity. The record contains ample evidence to support Primeaux's contention that he suffered from a physical impairment.[6] Primeaux injured his lower back when he fell from the bumper of a Conoco truck upon which he was kneeling. The fall resulted in a herniated disk, which required surgery in early November 1992, including a laminectomy with a fusion, a diskectomy, a foraminotomy, and a facetectomy. Primeaux was released at the end of May 1993 to return to work; however, his physician restricted him to lifting no more than 40 pounds of weight. In August 1994, he was restricted to lifting no more than 20 pounds, with no prolonged bending or stooping. But, an impairment alone does not rise to the level of a "disability" under the TCHRA. *Anderson,* 924 F.Supp. at 773. For Primeaux's impairment to constitute a "disability," his impairment must substantially limit at least one major life activity.[7] *Id.* at 773–74; *Smith v. Kitterman, Inc.,* 897 F.Supp. 423, 426 (W.D.Mo.1995); 42 U.S.C.A. § 12102(2) (West 1995); TEX. LAB.CODE ANN. § 21.002(6).

Neither the TCHRA nor the ADA define the term "major life activity." The ADA regulations define "major life activity" to include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and *working.*" 29 C.F.R. § 1630.2(i) (1996) (emphasis added). The ADA appendix states that this list is not exhaustive, and the term may also include such activities as "sitting, standing, lifting, [and] reaching." 29 C.F.R. § 1630.2, App., § 1630.2(i) (1996).

The ADA regulations list the following factors that should be considered in determining whether an individual is substantially limited in a major life activity:

(i) The nature and severity of the impairment;

(ii) The duration or expected duration of the impairment; and

(iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

29 C.F.R. § 1630.2(j)(2) (1996).

With regard to the major life activity of working, the ADA regulations explain that the term "substantially limits" means:

(i) . . . significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities. The ability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

(ii) In addition to the factors listed in paragraph (j)(2) of this section, the following factors may be considered in determining whether an individual is substantially limited in the major life activity of "working":

---

6. The regulations also define "physical or mental impairment." See, 29 C.F.R. § 1630.02(h) (1996). However, Conoco does not contest Primeaux's assertion that he was "impaired." Therefore, the Court will assume, without finding, for the purpose of this discussion that Primeaux was "impaired."

7. The appendix provides that "[i]f an individual is not substantially limited with respect to any

other major life activity, the individual's ability to perform the major life activity of working should be considered." 29 C.F.R. § 1630.2, App., § 1630.2(j) (1996). Primeaux asserts he is substantially limited only in the major life activity of working. Therefore, we need not first inquire into whether he is substantially limited in any other major life activity.

(A) The geographical area to which the individual has reasonable access;

(B) The job from which the individual has been disqualified because of an impairment, and the number and types of jobs utilizing similar training, knowledge, skills or abilities, within that geographical area, from which the individual is also disqualified because of the impairment (class of jobs); and/or

(C) The job from which the individual has been disqualified because of an impairment, and the number and types of other jobs not utilizing similar training, knowledge, skills or abilities, within that geographical area from which the individual is also disqualified because of the impairment (broad range of jobs in various classes).

29 C.F.R. § 1630.2(j)(3) (1996).

■ Rejection from a single job for one employer does not constitute the applicable degree of limitation on working to fit within the definition of "disabled," nor would an inability to perform a very specialized job or narrow range of jobs for any number of employers. *Smith*, 897 F.Supp. at 426. But, an individual need not be totally incapable of performing any job in order to fit within the definition. 29 C.F.R. § 1630.2, App., § 1630.2(j) (1996). "An individual is substantially limited in working if the individual is significantly restricted in the ability to perform a class of jobs or a broad range of jobs in various classes, when compared to the ability of the average person with comparable qualifications to perform those same jobs." 29 C.F.R. § 1630.2, App., § 1630.2(j) (1996). By way of example, the appendix provides that

an individual who has a back condition that prevents the individual from performing any heavy labor job would be substantially limited in the major life activity of working because the individual's impairment eliminates his or her ability to perform a class of jobs. This would be so even if the individual were able to perform jobs in

another class, *e.g.,* the class of semi-skilled jobs.

29 C.F.R. § 1630.2, App., § 1630(j) (1996).

It is undisputed that Primeaux's only impairment is a lifting restriction. Conoco argues that lifting is not a major life activity, and, even if it were so, Primeaux's lifting restriction does not substantially impair a major life activity. In support of its motion for summary judgment, Conoco argued that certain of Primeaux's statements constituted judicial admissions that he was not substantially limited in his ability to work.[8] Primeaux asserted in his first amended petition there were positions available at Conoco that would not require him to engage in activities or lifting beyond that which he was currently able to perform. He also stated there were positions at Conoco which he could perform with reasonable accommodation, but that Conoco refused to provide such reasonable accommodation. Primeaux admitted that he was "fully qualified for all such positions."

At the time of his injury in 1992, Primeaux was 32 years old and had worked as a truck driver for almost 14 years (the last four years with Conoco). Also at the time of his injury and his subsequent reapplication to Conoco in November 1993, Primeaux had only a high school education. After Conoco refused to rehire him, Primeaux returned to school, and ultimately received an associate degree in electronic technology from Lee College.

Primeaux's statements, coupled with his physical impairment and his limited education sufficiently raise an issue of material fact as to whether his lifting restriction amounts to a substantial limitation on the major life activity of working. The evidence also is more than sufficient to create an issue of material fact as to whether Primeaux was significantly restricted in the ability to perform a class of jobs or a broad range of jobs in various classes, when compared with the ability of the average person with comparable qualifications to perform those same jobs.

---

8. Conoco also supports its argument that Primeaux's lifting restriction did not substantially limit the major life activity of working with citations to eight federal cases. These cases are inapposite because none specifically involved a holding that a lifting restriction was not a "disability" as a matter of law. Instead, each court reached its decision based upon a thorough review of the facts contained in the record before it.

Accordingly, summary judgment on the issue of whether Primeaux is "disabled" within the meaning of the TCHRA is not appropriate. For this reason we need not reach the issues of whether Conoco carried its summary judgment burden on whether it discriminated against Primeaux because he had a record of having a "disability," or because it perceived or regarded Primeaux as having a "disability." [9]

■ Conoco next asserts that even if Primeaux is "disabled," there was still no discrimination because it did not rehire him for legitimate, nondiscriminatory reasons. Primeaux may defeat Conoco's entitlement to summary judgment on this issue in one of two ways. He may establish his discrimination claim by presenting direct evidence of discrimination. *Daigle v. Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir.1995). Alternatively, Primeaux may indirectly raise an issue of material fact by showing (1) he was a member of a protected class; (2) he suffered an adverse employment action; and (3) nonprotected class employees were not treated similarly. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Daigle*, 70 F.3d at 396 (utilizing *McDonnell Douglas* in the context of an ADA disability case); *Farrington*, 865 S.W.2d at 251 (utilizing *McDonnell Douglas* in the context of a TCHRA race discrimination case). Conoco would then have to articulate a legitimate, nondiscriminatory reason for its alleged discrimination. *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825; *Daigle*, 70 F.3d at 396; *Farrington*, 865 S.W.2d at 251. If it did so, Primeaux would have to produce summary judgment evidence raising a material fact issue whether Conoco's reasons were a pretext for unlawful discrimination. *See Farrington*, 865 S.W.2d at 251.

Conoco argues it did not rehire Primeaux for legitimate, nondiscriminatory reasons. Conoco states that at the time Primeaux sought reemployment (November 1993), there were no positions open. The first opening for transport driver (a position for which Primeaux sought reemployment) occurred in April 1994. Conoco asserts it did not rehire Primeaux at this time because he had a prior record of disciplinary problems. Assuming, without deciding, that Conoco has carried its burden under the *McDonnell Douglas* analysis, Primeaux must establish that a fact issue exits as to whether Conoco's reasons for not rehiring him are a pretext.

Primeaux relies upon the deposition testimony of Randy Bailey, Conoco's Assistant Terminal Manager at its La Porte Terminal. During his deposition the following conversation took place:

Q. Okay. When was the next earliest time, as to your knowledge, that you hired a transport driver?

A. I believe it was in April '94.

Q. And who made the decision—Well, let me ask you this: how many—To the best of your memory, how many transport drivers did you hire in April of 1994?

A. I believe two.

Q. And who made the decision to hire these two?

R. It was a joint decision between Rick and myself.

Q. Was Patrick Primeaux's application ever discussed?

A. No, it wasn't.

Q. Was Patrick Primeaux ever considered for the position of transport driver in April of 1994?

A. He was not.

. . . .

Q. So not having a doctor's release and knowing that he was previously disabled, you did not consider his application?

Ms. Phipps: Before you answer, I have to object to the form of the question in that it suggests that we knew Mr. Primeaux was disabled, as opposed to physically impaired, and it's just a legal term, so I have to object.

Mr. Ahmad: Oh, I understand.

---

9. For the same reason we do not need to reach the issues asserted by Conoco that Primeaux's pleadings did not properly give notice of his intention to seek relief under the second and third definition of "disabled," or that he did not plead in the alternative.

Q. (By Mr. Ahmad) And let me change that to "because." He did not have a doctor's release, but because you knew he had been previously physically impaired, he was not considered?

A. I knew that he had not been released to come back to work, and that he was impaired.

Q. And therefore, he wasn't going to be considered?

A. I couldn't consider him, no.

Conoco explains this testimony by asserting that Mr. Bailey was aware of Primeaux's impairment, but that as far as he knew, Primeaux had not been released by his doctor to return to work. Primeaux contends that the only reason he was given for not being rehired was his physical condition. Conoco does not dispute this contention.

The evidence is sufficient to create an issue of material fact as to whether Conoco's stated reasons for not rehiring Primeaux are legitimate and nondiscriminatory or, instead, are a pretext for unlawful discrimination. Accordingly, summary judgment on this issue is not appropriate.

We sustain Primeaux's sole point of error.

We reverse the judgment and remand the cause to the trial court.