Opinion issued February 15, 2007




 










In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00526-CV






WESTFIELD DEVELOPMENT, INC., Appellant


V.


BORIS RUBASHKIN and LARISA RUBASHKIN, Appellees






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2004-70820






MEMORANDUM OPINION

 Appellant, Westfield Development, Inc., appeals from the trial court's order
granting summary judgment in favor of appellees, Boris and Larisa Rubashkin. (1) 
Westfield sued the Rubashkins over the unpaid balance of a construction contract,
and the trial court granted summary judgment for the Rubashkins on their affirmative
defense of release. In a single issue, Westfield contends that its president's affidavit
opposing summary judgment creates a genuine issue of material fact concerning
whether the Rubashkins gave consideration for the release. We conclude that the
statements in the affidavit are insufficient to defeat summary judgment. We affirm.

Background

 In June 2000, Westfield contracted to build a home on a lot owned by the
Rubashkins. A dispute arose concerning the construction. Westfield claimed that it
was owed approximately $88,000 for labor and materials, and the Rubashkins
claimed that they had discovered numerous defects in Westfield's work that required
repairs that cost in excess of $200,000. In the course of the dispute, Westfield filed
a materialman's lien on the Rubashkin property. Westfield did not file suit to
foreclose the lien within the statutory time limit. The Rubashkins filed suit in county
court in September 2003 for damages and to remove the lien on their property. The
parties settled less than two weeks after the suit was filed, executing the release that
is the subject of the present appeal. The release was signed by Westfield president
Charles Caporina and stated, in pertinent part,

In consideration of the sum of $10 and other good and
valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the undersigned has
released [the Rubashkins] . . . from all claims, debts,
demands or causes of action that were the subjects of the
below described lien and which [Westfield] has or may
have as a result of furnishing labor and materials for
improvements to [the Rubashkin's property.]


The undersigned releases all claims on behalf of Westfield
Development, Inc. and its successors and assigns. 


The Rubashkins nonsuited their claim in December 2003.

 In December 2004, Westfield initiated the present lawsuit for the $88,000 it
claims the Rubashkins owe. The Rubashkins asserted the affirmative defense of
release, and moved for summary judgment. Their summary judgment evidence
consists of:

 a copy of the release, which includes Caporina's
signature and is stamped as filed by the Harris
County clerk; 


 the Rubashkin's original petition in the earlier suit; 


 an affidavit for the lien that was made by Caporina; 


 a letter sent by Westfield's attorney Kelly Newman
advising the Rubashkins of Westfield's $88,000
claim; 


 an affidavit from the Rubashkins' attorney, Joanne
Cassidy, stating, among other things, that:


 "I had various discussions with [Westfield's attorney
Kelly] Newman regarding the release of all claims
and the fact that I had contacted [the Rubashkins'
trial counsel] regarding the commencement of
litigation against Westfield Development, Inc. . . . .
Subsequent to those discussions, I received an
executed release . . . releasing all claims by
Westfield Development, Inc. against the
Rubashkins. In exchange the Rubashkins agreed not
to pursue any damage claims against Westfield
Development, Inc.";


 a letter from Cassidy to Newman dated August 6,
2003, that informed Westfield of more than
$200,000 in damages that the Rubashkins alleged
were the fault of Westfield, and that ends by stating, 


 "Enclosed is a release of lien. In order to mitigate
damages, I am asking you to ask your client to
execute it where indicated before a notary public and
return it to me at your earliest convenience"; and,


 an affidavit from Boris Rubashkin, alleging, among
other things, that "[i]n consideration for the release,
my wife and I agreed to dismiss the lawsuit and not
pursue any further claims against Westfield." Westfield's summary judgment response claimed lack of consideration for the
release, and was supported by an affidavit from Caporina which purported to show
lack of consideration for the release. The trial court granted the Rubashkins' motion
for summary judgment.

Standard of Review

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Summary judgment is appropriate when there is
no genuine issue as to any material fact and judgment should be granted in favor of
the movant as a matter of law. Tex. R. Civ. P. 166a(c); see also Diversicare Gen.
Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005). In conducting our review,
we resolve all doubts in favor of the nonmovant. See Provident Life & Accident Ins.
Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). However, we will not consider as
grounds for reversal any issues not expressly presented to the trial court by written
motion, answer, or other response. Tex. R. Civ. P. 166a(c); Robnett v. Kirklin Law
Firm, 178 S.W.3d 45, 53 (Tex. App.--Houston [1st Dist.] 2005, no pet.).

 "A release, valid on its face, is a complete bar to any later action based upon
matters covered in the release" unless the release is set aside. Winkins v. Frank
Winther Invs., Inc., 881 S.W.2d 557, 559 (Tex. App.--Houston [1st Dist.] 1994, no
writ). A defendant moving for summary judgment on an affirmative defense of
release has the burden to conclusively establish that defense. See Diversicare Gen.
Partner, Inc., 185 S.W.3d at 846 (evaluating summary judgment evidence on
affirmative defense of limitations). "[I]n order to establish their affirmative defense
of release, the appellees must prove the elements of a contract." Vera v. North Star
Dodge Sales, Inc., 989 S.W.2d 13, 17 (Tex. App.--San Antonio 1998, no pet.). If
the movant's summary judgment proof on its face establishes the movant's right to
judgment as a matter of law, the burden shifts to the non-movant to raise a genuine
issue of material fact sufficient to defeat summary judgment. Lunsford Consulting
Group, Inc. v. Crescent Real Estate Funding VIII, L.P., 77 S.W.3d 473, 475 (Tex.
App.--Houston [1st Dist.] 2002, no pet.). 

 Lack of consideration is an affirmative defense that can be used to respond to
the assertion that a claim is barred by a valid release. See 1464-Eight, Ltd. v. Joppich,
154 S.W.3d 101, 103 (Tex. 2004). The nonmovant attempting to defeat a summary
judgment must do more than plead an affirmative defense. See Am. Petrofina, Inc.
v. Allen, 887 S.W.2d 829, 830 (Tex. 1994); Lunsford Consulting Group, Inc., 77
S.W.3d at 476. The nonmovant must also present summary judgment evidence that
raises a fact question concerning that defense. See Am. Petrofina, Inc., 887 S.W.2d
at 830; Lunsford Consulting Group, Inc., 77 S.W.3d at 475. On appeal, Westfield
does not challenge the execution of the release of all the underlying claims
concerning the construction of the house. Westfield's appeal contends only that no
consideration supported the release.

Consideration

 In its response to the Rubashkins' motion for summary judgment, Westfield
presented an affidavit from Caporina, which states,

As President of Westfield Development, Inc., I signed a
contract with Boris and Larisa Rubashkin to build a house
for them . . . . During the construction, we got into a
dispute or disagreement, and Mr. and Mrs. Rubashkin
refused to let Westfield finish the job. At that time, they
owed Westfield the sum of $88,533.61, which they have
refused to pay. The Rubashkins refused to submit the
dispute to Arbitration as required by the contract. 
Therefore, Westfield filed an affidavit for a mechanics and
materials lien against the property. My attorney at the
time, Craig Welscher, filed the lien but did not file a suit to
foreclose the lien within the two year time period allowed
by law.


More than two years after filing the mechanics lien
affidavit, the attorney for the Rubashkins requested that
Westfield release the lien, because it was a cloud on their
title and the time for filing suit to enforce the lien was
expired. I agreed to sign a release as President of
Westfield for the purpose of releasing the lien but not the
debt of $88,533.61. I never agreed to release the debt. It
was still my purpose and intention to enforce the
arbitration clause in the contract and settle the dispute by
Arbitration. Westfield was not paid any money or other
consideration or anything else of value for the release. At
the time I signed the release as President of Westfield, I did
not know that the Rubashkins had previously filed a suit
against Westfield. I learned that later from my new
attorney, Kelly L. Newman. I was never served citation. 
I was never told by anyone that the Rubashkins had filed a
suit against Westfield. I never agreed to sign a release so
the Rubashkins would dismiss the suit. There was no such
agreement, because I did not know they had filed a suit. 
When the Rubashkins and their attorney continued to
refuse Arbitration, I authorized my new attorney, Kelly [L.]
Newman, to file a suit against the Rubashkins to enforce
the Arbitration provision of the contract. The Rubashkins
still owe $88,533.61 to Westfield, and that claim should be
sent to Arbitration as required by the contract. 


The Rubashkins in their reply to the Westfield response contended that Westfield's
"mere conclusion that it did not receive any consideration or anything of value for the
release is not sufficient to raise a fact issue."

 "Consideration is a present exchange bargained for in return for a promise." 
Roark v. Stallworth Oil & Gas Inc., 813 S.W.2d 492, 496 (Tex. 1991). "It consists
of either a benefit to the promisor or a detriment to the promisee." Id. "The detriment
must induce the making of the promise, and the promise must induce the incurring of
the detriment." Id. "[A] written instrument reciting a consideration imports one, and
with such a recitation we presume the consideration [to be] sufficient." Hoagland v.
Finholt, 773 S.W.2d 740, 743 (Tex. App.--Dallas 1989, no writ); see also Buddy
"L", Inc. v. Gen. Trailer Co., Inc., 672 S.W.2d 541, 547 (Tex. App.--Dallas 1984,
writ ref'd n.r.e.) (applying rule to release contract). Parol evidence is admissible,
however, in order to prove lack of consideration. DeLuca v. Munzel, 673 S.W.2d
373, 376 (Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.).

 We first address the assertion in Caporina's affidavit that "Westfield was not
paid any money or other consideration or anything else of value[.]" The supreme
court recently stated,

Where a contract recites the payment of a nominal amount
of money as its consideration, the contract is valid, even if
the nominal sum is not actually paid. The nominal
consideration merely creates an obligation to pay such sum,
which may be enforced by the other party. The real
consideration provided . . . was the obligation to pay the
ten dollars, and it is of no consequence whether the ten
dollars was paid or not. 


1464-Eight, Ltd., 154 S.W.3d at 104 (construing option contract's recitation of 10
dollars consideration). Therefore, Caporina's allegation in his affidavit that Westfield
was not paid the $10 recited in the release does not raise a fact issue as to lack of
consideration for the release. 

 Also, an affidavit opposing summary judgment must present some probative
evidence of the facts at issue. Ryland Group, Inc. v. Hood, 924 S.W.2d 120, 122
(Tex. 1996). Conclusory statements are insufficient to defeat summary judgment. 
See Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997); Price v. Am. Nat'l
Ins. Co., 113 S.W.3d 424, 429 (Tex. App.--Houston [1st Dist] 2003, no pet.). A
conclusory statement in an affidavit is one that does not provide the facts to support 
the conclusion. Price, 113 S.W.3d at 429. Caporina's statement that Westfield was
not paid any "consideration or anything else of value" is a legal conclusion in support
of which Westfield provides no facts. It is, therefore, a conclusory statement, and
insufficient on its own to raise a fact issue that would defeat summary judgment.

 In addition, consideration may consist of either a benefit to the promisor or a
detriment to the promisee. See Roark, 813 S.W.2d at 496. Caporina's statement that
"Westfield was not paid any money or other consideration or anything else of value"
does not address whether the Rubashkins incurred a detriment by the dismissal of
their lawsuit against Westfield. By not addressing the Rubashkins' claim of
consideration-by-detriment, this statement by Caporina does not raise a fact issue
sufficient to defeat the Rubashkins' motion for summary judgment.

 We next address Caporina's various assertions that he, Westfield's President,
was unaware of the nature of the release. His affidavit states,

I agreed to sign a release as President of Westfield for the
purpose of releasing the lien but not the debt . . . . I never
agreed to release the debt . . . . At the time I signed the
release as President of Westfield, I did not know that the
Rubashkins had previously filed a suit against Westfield. 
I learned that later from my new attorney, Kelly L.
Newman. I was never served citation. I was never told by
anyone that the Rubashkins had filed a suit against
Westfield. I never agreed to sign a release so the
Rubashkins would dismiss the suit. There was no such
agreement, because I did not know they had filed a suit.


In the affidavit, Caporina suggests that the dismissal did not induce him to sign the
release. In their reply to Westfield's summary judgment response, the Rubashkins
point out that the summary judgment evidence indicates that Westfield's attorney,
Kelly Newman, and the Rubashkins' attorney, Joanne Cassidy, engaged in settlement
negotiations regarding the Rubashkins' suit against Westfield. Cassidy's affidavit
asserts that these negotiations regarded "the release of all claims." Attorneys are
agents of their clients. Jenkens & Gilchrist v. Riggs, 87 S.W.3d 198, 202 (Tex.
App.--Dallas 2002, no pet.) (citing, inter alia, Tex. Employers Ins. Ass'n v. Wermske,
349 S.W.2d 90, 93 (Tex. 1961)). In general, a principal will be bound by knowledge
of the agent so long as the agent was acting within his authority. See La Sara Grain
Co. v. First Nat'l Bank of Mercedes, 673 S.W.2d 558, 563 (Tex. 1984); Norwood v.
Litwin Eng'rs & Constructors, Inc., 962 S.W.2d 220, 225 (Tex. App.--Houston [1st
Dist.] 1998, pet. denied). 

 Caporina's affidavit alleges only that he himself lacked knowledge of the
Rubashkins' lawsuit. However, it is Westfield, not Caporina, that is bound by the
release that Caporina signed. Westfield does not present any evidence, nor does
Caporina assert in his affidavit, that Newman was acting outside his authority when
he engaged in negotiations with the Rubashkins. See Breceda v. Whi, 187 S.W.3d
148, 152 (Tex. App.--El Paso 2006, no pet.) (holding that agreement signed by
attorney will not be enforced only "when the evidence reveals that the attorney did
not have the client's authority to agree") (citing Kelly v. Murphy, 630 S.W.2d 759,
761 (Tex. App.--Houston [1st Dist.] 1982, writ ref'd n.r.e.)). Westfield, the
principal, is bound by the knowledge of its agent, attorney Kelly Newman, who
engaged in settlement negotiations with the Rubashkins' attorney. We conclude that
Caporina's statements concerning his personal knowledge are not probative evidence
to establish a fact issue as to Westfield's affirmative defense of lack of consideration. 

 We overrule Westfield's sole issue on appeal.

 Conclusion


 We affirm the judgment of the trial court.


 Elsa Alcala

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.
1. This appeal was referred to mediation in August 2005, but the order was withdrawn
at the request of the parties.