United States Court of Appeals,

Fifth Circuit.

No. 95-30443

Summary Calendar.

Ray DAIGLE, Plaintiff-Appellant,

v.

LIBERTY LIFE INSURANCE COMPANY, Defendant-Appellee.

Dec. 11, 1995.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOHNSON, JONES and EMILIO M. GARZA, Circuit Judges.

JOHNSON, Circuit Judge:

Ray Daigle ("Mr. Daigle") appeals the district court's judgment entered against him in accordance with the jury verdict in his discrimination suit against his former employer, Liberty Life Insurance Company ("Liberty"). Because we believe that the verdict reached by the jury was more than adequately supported by the evidence, we affirm the district court's entry of judgment upon such verdict.

I. Facts and Procedural History

Mr. Daigle filed this suit against Liberty after his termination from Liberty's employment. Among several other grounds which have been abandoned on appeal, Mr. Daigle claimed that Liberty discriminated against him in violation of the Americans with Disabilities Act ("ADA").

Mr. Daigle was working as a District Manager at Magnolia Life Insurance Company ("Magnolia") in October of 1992 when Magnolia was

1

purchased by Liberty.  Mr. Daigle retained his position as District Manager of the Houma region in Louisiana after the sale to Liberty. After the company's sale, several new policies were implemented by Liberty with which Mr. Daigle was required to comply.  One such policy was the requirement that all Liberty management memorize five recruitment talks to be used in recruiting new agents for employment with Liberty.  Mr. Daigle claims that he was unable to memorize these five talks because he suffers from a learning disability.  He claims that he was eventually fired from his position with Liberty because of his failure to adequately recite the talks.  Mr. Daigle asserts that his termination violates the ADA because Liberty unlawfully discriminated against him because he was suffering from a learning disability.

Liberty, on the other hand, claims that it fired Mr. Daigle for very different reasons.  Liberty asserts that Mr. Daigle was mistreating his employees in the Houma District.  Liberty claims that Mr. Daigle verbally and physically abused several of his agents and that he was less than honest with employees and Liberty officials.  Additionally, Liberty claims that Mr. Daigle successfully completed the memory talks to the company's satisfaction.  It is Liberty's position that any learning disability Mr. Daigle may have had in no way affected the decision to terminate him.

During the trial, conflicting evidence was presented as to both of the above-mentioned positions.  After reviewing such evidence, the jury found that Mr. Daigle had not proven he was

fired due to a disability and that he had not proven that Liberty's proffered reason for the termination was a pretense for discrimination. Mr. Daigle now appeals the judgment entered by the district court in accord with the jury verdict on the ground that the verdict was clearly erroneous.

## II. Discussion

The ADA prohibits discrimination against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a); *see also Daugherty v. City of El Paso,* 56 F.3d 695 (5th Cir.1995); *Dutcher v. Ingalls Shipbuilding,* 53 F.3d 723 (5th Cir.1995). The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42 U.S.C. § 12111(8).

A plaintiff may establish a claim of disability discrimination by presenting direct evidence of discrimination. Alternatively, the indirect method of proof set for Title VII actions in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), may also be utilized. *See Grinstead v. Pool Co.,* No. 93-2320, 1994 WL 25515 (E.D.La.1994), aff'd without opinion, 26 F.3d 1118 (5th Cir.1994); *Aikens v. Banana Republic, Inc.,* 877 F.Supp. 1031, 1036-37 (S.D.Tex.1995).

3

Under the *McDonnell Douglas* analysis, a plaintiff must first make out a prima facie case of discrimination by showing that: (1) he or she suffers from a disability; (2) he or she is qualified for the job; (3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a non-disabled person or was treated less favorably than non-disabled employees. *See Norris v. Hartmarx Specialty Stores, Inc.,* 913 F.2d 253, 254 (5th Cir.1990); *EEOC v. Brown & Root, Inc.,* 688 F.2d 338, 340-41 (5th Cir.1982); *Aikens,* 877 F.Supp. at 1037.

Once the plaintiff has stated a prima facie case, the defendant must "articulate some legitimate nondiscriminatory reason" for its action that adversely affected the employee. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). While an employer need not prove the legitimate reason, it must produce some evidence to support. *St. Mary's Honor Center v. Hicks,* --- U.S. ----, ----, 113 S.Ct. 2742, 2748, 125 L.Ed.2d 407 (1993). If the employer produces any evidence "which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action," then the employer has satisfied its burden of production. *Id.*

Once the employer has met its burden, the shifting burden scheme is abandoned and becomes irrelevant. The employer's intent is a question of fact, for which the plaintiff carries the burden

4

of persuasion.  *Id.* at ----, 113 S.Ct. at 2749.[1]

Daigle first argues that the district court erred in denying his motion for partial summary judgment because Liberty failed to present any evidence to create a disputed fact issue as to the existence of a disability on the part of Daigle.  In *Black v. J.I. Case Co.,* this Court made clear that it will not review the pretrial denial of a motion for summary judgment where on the basis of a subsequent full trial on the merits final judgment is entered adverse to the movant.  22 F.3d 568, 569-70 (5th Cir.1994).  As the *Black* court noted, "[i]t makes no sense whatsoever to reverse a judgment on the verdict where the trial evidence was sufficient merely because at summary judgment it was not." *Id.* at 572.  Once trial begins, summary judgment motions effectively become moot. *Id.* at 571.  Thus, in reviewing the case at bar, this Court will focus on the evidence before the jury at trial on the merits as opposed to the evidence before the judge during pretrial activities.

Whether Mr. Daigle met his burdens within his prima facie case need not be considered at this stage in the litigation because the case before this Court was tried fully on the merits.  This Court need not consider the adequacy of either party's showing at

---

[1]The issue of whether pretext alone is sufficient for a successful discrimination claim as opposed to pretext coupled with further evidence of discrimination is currently before the en banc Court in the form of *Rhodes v. Guiberson Oil Tools,* No. 92-3770.  The analysis dictated by the en banc Court in the final *Rhodes* opinion will dictate the degree of proof necessary for a successful ADA discrimination claim as well.  Since there was not even a showing of pretext in the case at bar, the issue currently before this Court in *Rhodes* is not implicated.

5

the three stages set forth in *St. Mary's,* but must instead focus on the record as a whole to determine the sufficiency of the evidence.[2] *See Purcell v. Seguin State Bank & Trust Co.,* 999 F.2d 950, 957 (5th Cir.1993); *Atkin v. Lincoln Property Co.,* 991 F.2d 268, 271 (5th Cir.1993).

After hearing and reviewing several days worth of evidence, the jury determined in this case that Mr. Daigle had not met his burden of proving by a preponderance of the evidence that Liberty's proffered reason for his termination—his mistreatment of his employees and his dishonesty—was pretextual. There is certainly more than enough credible evidence from which a rational fact finder could make such a determination. Thus, this Court need not inquire further[3] and must affirm the district court's judgment

---

[2]The standard of review when a party attacks a jury verdict's evidentiary basis is determined by whether the appropriate motions for directed verdict and judgment have been made. *See* FED.R.CIV.P. 50; *Purcell v. Seguin State Bank & Trust Co.,* 999 F.2d 950, 956-57 (5th Cir.1993). When an insufficiency of evidence issue is not raised before the district court through Rule 50(a) and Rule 50(b) motions, the standard of review on appeal is plain error. *Purcell,* 999 F.2d at 957. The record is unclear as to whether or not Mr. Daigle made such Rule 50 motions. However, in the present case the result is the same regardless of whether the analysis entails either whether there was any evidence to support the verdict or whether there was substantial evidence to support the verdict since Liberty has, in fact, provided substantial evidence in support of its successful position.

[3]Because this Court finds that Mr. Daigle did not meet his overall burden of proving that Liberty fired him under pretextual reasons, this Court need not further inquire into the more specific issues for which Mr. Daigle bore the burden of proof such as the existence of a disability and the essential nature of the tasks which such disability may have prevented him from completing.

entered in accordance with the verdict.[4]

### III. Conclusion

The determination made by the jury in this ADA case as to whether the proffered reason for the termination decision was pretextual for discrimination is solely within the jury's province when there is a sufficient evidentiary basis for such a determination. Because the evidence in Liberty's favor was more than sufficient to support such a determination, the district court's judgment entered upon the jury verdict is in all respects affirmed.

AFFIRMED.

---

[4]Mr. Daigle additionally appeals the district court's dismissal of his negligent infliction of emotional distress claim during pretrial summary judgment proceedings. Because we agree with the district court that Mr. Daigle has failed as a matter of law to allege actions of the requisite outrage necessary for a negligent infliction of emotional distress claim, we believe this basis for appeal is also without merit. *See Moresi v. Department of Wildlife & Fisheries,* 567 So.2d 1081, 1096 (La.1990)