**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**EXXON CORPORATION, Defendant.**

**Civil Action Nos. 3–95–CV–1311– H, 3:95–CV–2537–H.**

United States District Court, N.D. Texas, Dallas Division.

Aug. 11, 1997.

Katherine Elizabeth Bissell, Chrys Meador, Carla J. Vogel, E.E.O.C., Dallas Dist. Office, Dallas, TX, Ann Elizabeth Reesman, Ellen Duffy McKay, McGuiness & WIlliams, Washington, DC, for E.E.O.C.

Peter Bennett, Bennett & Associates, Portland, ME, Donald J. Logan, Murphy, Logan, Bardwell & Day, Napa, CA, John Marshall True, III, Marcie Ellen Berman, Rudy, Exelrod, Zieff & True, San Francisco, CA, Kathleen A. Herdell, Law Office of Kathleen Herdell, Saint Helena, CA, for Allen Hartman, Alfred Trott.

William C. Strock, Felicity Anne Fowler, Haynes & Boone, Dallas, TX, Sarah Ruth Saldana, Ronald L. Palmer, Baker & Botts, Dallas, TX, Lori E. Romley, Douglas Dexter, O'Melveny & Myers, San Francisco, CA, Nichols Vincent, Douglas Bernard Neagli, Exxon Co. USA, Houston, TX, Christopher G. Bell, Jackson, Lewis, Schnitzler & Krupman, Washington, DC, for Exxon Corp.

William C. Strock, Haynes & Boone, Dallas, TX, James Severson, Cynthia Jane Woolley, McCutchen, Doyle, Brown & Eversen, San Francisco, CA, Ulrico S. Rosales, McCutchen, Doyle, Brown & Eversen, Palo Alto, CA, for Seariver Maritime Financial Holdings, Inc. d/b/a Seariver Maritime Inc.

Jennifer Judin, Downs Judin & Stanford, Dallas, TX, for Richard J. Marque, Mark J. Cormier.

Ann Elizabeth Reesman, Ellen Duffy McKay, McGuiness & Williams, Washington, DC, for Equal Employment Advisory Counsel.

## *MEMORANDUM OPINION AND ORDER*

SANDERS, Senior District Judge.

Before the Court is the Joint Report Regarding Proposed Methods for Proceeding with Discovery and Trial, filed July 14, 1997; and Defendants' Supplemental Report Regarding Proposed Methods for Proceeding with Discovery and Trial, filed August 8, 1997.

The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against a "qualified individual with a disability" because of that individual's disability. *See* 42 U.S.C. § 12112(a). The pleadings before the Court indicate that there is a dispute as to whether rehabilitated substance abusers are "disabled" under the ADA. *See* joint report, filed July 14, 1997 at 5; cross-motions for summary judgment, filed August 23, 1996. One specific area of contention is whether 42 U.S.C. § 12114(b) operates to automatically include certain individuals under the ambit of the ADA. The Court finds that this sub-issue can be resolved as a matter of law.

42 U.S.C. § 12114 is the ADA's section on "illegal use of drugs and alcohol." Section 12114(a) says that "the term 'qualified individual with a disability' *shall not include* any employee or applicant who is *currently engaging* in the illegal use of drugs, when the covered entity acts on the basis of such use." (emphasis added). Section 12114(b) says that subsection (a)

> shall not be read to exclude as a qualified individual with a disability an individual who—
>
> (1) has successfully completed a supervised drug rehabilitation program and is no longer engaging in the illegal use of drugs, or has otherwise been rehabilitated successfully and is no longer engaging in such use;
>
> (2) is participating in a supervised rehabilitation program and is no longer engaging in such use; or
>
> (3) is erroneously regarded as engaging in such use, but is not engaging in such use.

An individual who falls under one of the subcategories of 42 U.S.C. § 12114(b) is not automatically a "qualified individual with a disability" for purposes of protection under the ADA. *See* 42 U.S.C. § 12114(b); *Burch v. Coca–Cola Co.*, 119 F.3d 305, 315–16 (5th Cir.1997) ("the EEOC has not attempted to classify alcoholism as a per se disability, and

we decline to accept such a questionable position"); H.R.Rep. No. 485(II), 101st Cong., 2d Sess. 77 (1990), *reprinted in* 1990 U.S.C.C.A.N. 303, 360 ("Because the condition of current drug use is no longer a disability for purposes of [the ADA], it is necessary to state that nothing in the exclusion of illegal drug use or addiction from the definition of disability shall be construed to mean that persons with past or perceived illegal drug dependence are necessarily denied coverage under the Act. Of course, as with all other disabilities, such plaintiffs must prove that they have a record of a disability or are regarded as having a disability."); 29 C.F.R. App. § 1630.3(a)-(c) ("It should be noted that this provision simply provides that certain individuals are not excluded from the definitions of 'disability' and 'qualified individual with a disability.' Consequently, such individuals are still required to establish that they satisfy the requirements of these definitions in order to be protected by the ADA and this part."). Rather, plaintiffs must prove they suffer from a "disability," as that term is defined in 42 U.S.C. § 12102(2). *See Burch*, 119 F.3d at 320–21; *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir.1995). Therefore, plaintiffs are entitled to proceed with discovery on an individualized basis.

SO ORDERED.