IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30903
Summary Calendar

SHEILA ESPEY (Larry Buttons, executor of the estate of Sheila Espey,
substituted in the place and stead of appellant Sheila Espey
deceased),

Plaintiff-Appellant,

versus

MONSANTO COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 97-CV-1075-I

June 28, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sheila Espey, through her executor, Larry Buttons, appeals the
district court's judgment in favor of Monsanto Company on her cause of
action alleging negligence in maintaining a pipeline used to transport
ammonia. She argues that the evidence was insufficient to support the
verdict, that the jury charge was insufficient, and that the court erred
in denying her motion for new trial.

To challenge the sufficiency of the evidence on appeal, a

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5th CIR. R. 47.5.4.

party must have preserved error by making a timely Rule 50 motion.  See FED. R. CIV. P. 50; GAIA Technologies Inc., v. Recycled Products Corp., 1999 WL 292919, at *5 (5th Cir. May 26, 1999); U.S. For Use of Wallace v. Flintco, Inc., 143 F.3d 955, 960 (5th Cir. 1998).  When a Rule 50 motion is not made, this Court will review the claim for plain error only.  See Daigle v. Liberty Life Insurance Co., 70 F.3d 394, 397 n.2 (5th Cir. 1995).  Similarly, when a party fails to object to the jury charge at trial, we may only review challenges to the charge for plain error.  See FED. R. CIV. P. 51; United States v. Clayton, 172 F.3d 347, 351 (5th Cir. 1999).  To establish plain error, a party must show that the error is clear, obvious, and affects his or her substantial rights. See United States v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc).

In this case, Espey's attorney failed to make a Rule 50 motion and to object to the jury charge at trial.  We must therefore review both of these claims under the plain error standard.  After a careful review of the record and Espey's brief, we find no plain error.  As such, her insufficiency claims must fail.

We review a district court's denial of a motion for new trial using a highly deferential abuse of discretion standard.  See Mac Sales, Inc. v. E.I. du Pont de Nemours & Co., 24 F.3d 747, 753 (5th Cir. 1994). Because the jury's verdict was not against the great weight of the evidence, the district court did not abuse its discretion in denying Espey's motion for new trial.

AFFIRMED.