IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40584
_____

W F GARRETT,

                                    Plaintiff-Appellant,

v.

THE STROH BREWING CO.,

                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
Docket No. 6:98-CV-314
_____

December 27, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

    Plaintiff-Appellant W.F. Garrett appeals the district

court's entry of summary judgment in favor of Defendant-Appellee

The Stroh Brewing Company.  For the reasons stated below we

AFFIRM.



FACTUAL AND PROCEDURAL BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiff-Appellant W.F. Garrett ("Garrett") originally filed this action against Defendant-Appellee The Stroh Brewing Company ("Stroh") on May 20, 1998. An amended complaint was filed on December 10, 1998. Both complaints alleged that Stroh had violated the Age Discrimination in Employment Act ("ADEA") and Title VII by unlawfully discriminating against Garrett because of his age, race, and disability.[1] Garrett also alleged that Stroh had engaged in intentional and negligent infliction of emotional distress, breach of contract, and various retaliatory actions.

Garrett was originally hired by Stroh in August 1976 to work at the company's Longview, Texas brewery. Garrett is still employed by Stroh and continues to work at the Longview plant. Sometime in 1996, Garrett was injured at work. Garrett was released by his physician to return to work in September 1996. Garrett returned to work in February 1997, but his physician directed that he not engage in any work requiring pushing, pulling, overhead lifting of objects over 20 pounds, standing

---

[1] Garrett did not specifically plead that Stroh violated the Americans with Disabilities Act ("ADA"). Rather, his complaint alleged that Stroh, by discriminating against Garrett because of his disability, violated "29 U.S.C. Section 621 et seq.", the Age Discrimination in Employment Act. Furthermore, Garrett pleads a Title VII cause of action in his original, but not amended, complaint. The only mention of Title VII in Garrett's amended complaint is in the jurisdictional statement. Due to our disposition of this case, we need not decipher the rather cryptic pleadings filed below. For the purposes of this opinion, the court will assume that Garrett properly pled causes of action under the ADA, ADEA, and Title VII.

over 30 minutes, repeat lifting, bending or stooping. Garrett was able to return to work with these restrictions because Stroh had installed a new packaging technology, known as "Lock Dot,"[2] on Garrett's bottle line. The system allowed Garrett to perform his job within the physical limitations imposed by his doctor. In March and October 1997, Garrett's physician modified the physical restrictions on his activity to include no lifting or hand stacking of shrink-wrapped packages, no repetitive pushing, pulling, lifting, stooping, or bending, no overhead lifting of over 50 pounds, and no standing over two hours. These restrictions did not affect Garrett's ability to work on the "Lock Dot" bottle line. Garrett's bottle line is the only bottle line in the Longview brewery utilizing the "Lock Dot" technology. It is undisputed that, because of Garrett's physical limitations, he is unable to work on a bottle line that does not utilize the "Lock Dot" system.

Due to periodic declines in demand and increased inventory, Stroh is occasionally forced to stop production on the "Lock Dot" bottle line. This requires that workers on that line be relocated within the brewery or temporarily laid-off. Garrett was laid-off twice, once on October 20, 1997 and again on January 21, 1998. Garrett alleges that he was laid-off in violation of

---

[2] The "Lock Dot" system is a method of securing cases of beer for transport. It replaced the earlier "shrink-wrap" method in which the cases of beer were secured by being wrapped in plastic film.

Stroh's collective bargaining agreement and that, in laying him off, Stroh discriminated against him because of his age, race, and disability. Garrett also alleges that because of his age, race, and disability, he was not given overtime hours when requested and, moreover, that Stroh's refusal to give him overtime violated the collective bargaining agreement.

Each time Garrett was laid-off, he immediately filed complaints with the Texas Commission on Human Rights and the EEOC. The EEOC subsequently dismissed his complaints and issued right-to-sue letters on October 20, 1997 and February 20, 1998.

The district court determined that Garrett's claims arising out of the October 20, 1997 lay-off were time-barred because he had not filed suit within 90 days of receiving the right-to-sue letter. The court also granted summary judgment in favor of Stroh on Garrett's remaining claims because it found that Stroh had come forward with legitimate, non-discriminatory reasons for laying off Garrett and that Garrett had failed to present evidence that Stroh's reasons were mere pretext for unlawful

discrimination.[3]  We agree with the reasoning of the district court.

DISCUSSION

This court reviews a grant of summary judgment de novo, applying the same standards as the court below.  See Matagorda County v. Law, 19 F.3d 215, 217 (5th Cir. 1994).  Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could find in favor of the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The nonmovant cannot satisfy his summary judgment burden with

---

[3]  The district court also found that Garrett had failed to create a genuine issue of fact as to his claims of retaliatory actions, breach of contract, and intentional infliction of emotional distress.  The court noted that, under Texas law, negligent infliction of emotional distress is not a cognizable cause of action.  On appeal, Garrett only argues that the district court improperly granted summary judgment on his discrimination claims.  Therefore, we consider his remaining claims below to be waived.

conclusory allegations, unsubstantiated assertions, or mere scintillas of evidence.  See id.

**1. Garrett's October 20, 1997 Complaint**

The district court correctly determined that Garrett's claims arising out of his October 20, 1997 lay-off were time-barred.  The EEOC issued a right-to-sue letter the same day Garrett filed his complaint.  The law requires, and the right-to-sue letter clearly stated, that Garrett had 90 days to file suit after the EEOC issued its letter.  See 42 U.S.C. § 2000e-5(f)(1); Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996).  Garrett did not file suit until May 20, 1998, well after the 90-day deadline.  Therefore, Garrett's claims are time-barred.

**2. Garrett's January 21, 1998 Complaint**

Garrett's January EEOC complaint alleged that he was discriminated against because of his race, age, and disability. In both his original and amended complaint in district court, Garrett alleged that he was discriminated against because of his race, age and disability, and that Stroh engaged in intentional and negligent infliction of emotional distress, breach of contract, and "a variety of actions retaliation [sic] in nature." This district court entered summary judgment in favor of Stroh on all of Garrett's claims.

6

In <u>McDonnell Douglas Corporation v. Green</u>, 411 U.S. 792 (1973), the Supreme Court articulated a burden-shifting analysis to be used when analyzing claims of racial discrimination under Title VII.  In addition to using this standard to analyze claims of racial discrimination, we also use it when analyzing claims of age discrimination under the ADEA and disablity discrimination under the ADA.  <u>See</u> <u>Daigle v. Liberty Life Ins. Co.</u>, 70 F.3d 394, 396 (5th Cir. 1995) (applying the <u>McDonnell Douglas</u> standard to ADA claims); <u>Haas v. ADVO Sys., Inc.</u>, 168 F.3d 732, 733 (5th Cir. 1999) (applying the <u>McDonnell Douglas</u> standard to ADEA claims).

Under <u>McDonnell Douglas</u>, once a claimant has made out a prima facie case of discrimination, the burden shifts to the defendant to set forth legitimate, non-discriminatory reasons for its employment decisions.  <u>See</u> <u>Daigle</u>, 70 F.3d at 396.  This burden is met if the defendant can set forth evidence that, "if believed by the trier of fact would support a finding that unlawful discrimination was not the cause of the employment action."  <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989, 993 (5th Cir. 1996) (en banc) (citing <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993)).  If Stroh produces such evidence, the burden is shifted back to Garrett to present evidence showing that Stroh's stated reasons are mere pretext for otherwise unlawful discrimination.  <u>See</u> <u>Moore v. Eli Lilly & Co.</u>, 990 F.2d 812, 815 (5th Cir. 1993).  To withstand a motion for summary judgment, Garrett must produce evidence creating a genuine issue

7

of fact concerning pretext.  See id.  This proof must "consist of more than a mere refutation of the employer's legitimate nondiscriminatory reason" but must offer "some proof" that Stroh's actions were motivated by Garrett's age, disability, or race.  Id. at 815-16 (citations omitted).

We assume, for the purposes of this opinion, that Garrett has made out prima face cases of racial, age, and disability discrimination.  However, Stroh produced evidence showing that periodic downturns in demand required that the bottle line Garrett worked on be temporarily shut down.  Stroh also showed that, given Garrett's physical limitations, there were no available positions in the plant that Garrett could work at while the bottle line was shut down.[4]  These are legitimate, non-discriminatory reasons for temporarily laying-off Garrett.  Garrett has produced absolutely no evidence that Stroh's proffered reasons for laying him off were mere pretext for otherwise unlawful discrimination.  Garrett has failed to produce any evidence that would create a genuine issue of fact concerning Stroh's motives in laying him off.  Therefore, the district court correctly granted summary judgment in favor of Stroh.

---

[4]  While there may have been other jobs within the brewery that Garrett could physically perform, these positions were filled by other employees at the time of the lay-offs.  Under the ADA, an employer may reasonably accommodate a disabled employee by reassignment to a different job.  However, for reassignment to be a reasonable accommodation the "position must...exist and be vacant."  Foreman v. Babcock & Wilcox Co., 117 F.3d 800, 810 (5th Cir. 1997).

## CONCLUSION

For the above stated reasons, the judgment of the district court is AFFIRMED.