United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30985
Summary Calendar

_____

JAMES A. PERKINS,

                                        Plaintiff-Appellant,

versus

DAYBROOK FISHERIES, INC.,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-3165-A
-------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        James A. Perkins, a crew member of the F/V SEA WASP, appeals

from the jury's verdict of no Jones Act liability, no

unseaworthiness, and no obligation to pay maintenance and cure in

favor of Daybrook Fisheries, Inc., and from the district court's

denial of his motion for judgment as a matter of law or,

alternatively, for a new trial.  Although Perkins moved for

judgment as a matter of law post-verdict, he did not move for

judgment pursuant to FED. R. CIV. P. 50(a) at the close of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

evidence.  Therefore, review of the sufficiency of the evidence should be limited to plain error.  See United States ex rel. Wallace v. Flintco, Inc., 143 F.3d 955, 960 (5th Cir. 1998); Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 397 n.2 (5th Cir. 1995).  Review of the denial of a new trial is for abuse of discretion.  See Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1049 (5th Cir. 1998).

Perkins argues that the overwhelming weight of the evidence required a judgment in his favor that 1) he should have received maintenance and cure for a back injury as a result of a fall on June 1, 1999; 2) he should have received maintenance for a finger injury sustained on October 12, 1999; 3) the defendant's negligence caused his June 1, 1999, injury; and 4) the boat was unseaworthy on June 1, 1999.  Our review of the record reveals that even under the usual standard of review, there was sufficient evidence to support the jury's verdict, and there was no plain error.  Daigle, 70 F.3d at 397 n.2.  The district court did not abuse its discretion in denying a new trial.

AFFIRMED.