# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2013

No. 12–60897

Lyle W. Cayce
Clerk

KAREN DARLENE MANN OWENS,

Plaintiff-Appellant,

v.

CALHOUN COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11–cv–00067

Before STEWART, Chief Judge, and KING and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Karen Darlene Mann Owens appeals the district court's grant of summary judgment in favor of Defendant-Appellee Calhoun County School District ("Calhoun") on Owens's claims of discrimination under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60897

the Americans with Disabilities Act ("ADA") and First Amendment retaliation.[1] We AFFIRM.

## I. FACTUAL AND PROCEDURAL HISTORY

Owens, a forty-six year old school teacher, worked at Bruce Upper Elementary School for seventeen years until she was fired on February 9, 2010 by Calhoun's School Superintendent, Mike Moore. For a number of years, Owens had suffered from neck and back pain. These problems intensified, however, and caused Owens to take a leave of absence under the Family and Medical Leave Act ("FMLA") beginning on October 19, 2009 to undergo surgery on her neck and back. Paula Monaghan, Owens's principal, told her that she could remain on leave until she received her final x-rays.

During a phone conversation between Monaghan and Owens on January 20, 2010, Monaghan asked Owens when she would return to work, and Owens responded that she had a doctor's appointment on February 12, 2010. She further answered that she may be able to return to work on February 15, 2010 if her doctor released her. Later, Moore sent Owens a letter warning her that her FMLA leave would soon expire and requesting that she provide him with a return date so that her employment status could be determined. Although Moore sent this letter on February 2, 2010, it was dated January 2, 2010. Meanwhile, Moore heard rumors that Owens did not intend to return to work but planned on moving to Arkansas with her husband. On February 4, 2010, Monaghan and Owens had another phone conversation during which Monaghan inquired as to when Owens would return to work; Owens never gave Monaghan

---

[1] Initially, Owens also appealed the district court's decision to not exercise supplemental jurisdiction over her state law claim; however, she has filed a motion to voluntarily dismiss her appeal as to that issue. Because we grant her motion, we limit our discussion to her discrimination and retaliation claims.

No. 12-60897

a date for her return. Instead, Owens again stated that she had a doctor's appointment on either February 12th or 15th.

Ultimately, Moore sent Owens a letter on February 9, 2010 terminating her for failing to return to work before her FMLA leave expired on February 1, 2010 and not providing Calhoun with a date for her return. Owens appealed her termination to the Calhoun County School Board ("School Board") but was unsuccessful. The School Board ruled: 1) Owens's sick leave, including but not limited to her FMLA, was exhausted;[2] 2) Owens was negligent in failing to inform the school of when she would return to work, has no evidence that she has been cleared to work, and never submitted any documentation evidencing her release to return to work; 3) Owens worked part time for another school while she was on leave;[3] and 4) Owens completed six semester hours of graduate coursework at a local university while on leave.

During the same time period, Owens was in discussions with Calhoun to secure educational support for her son, Hunter. Although some of Hunter's teachers thought he should receive assistance, Moore vetoed the plan that would provide him with services. On January 27, 2010, Owens wrote a letter to the Teacher Support Team ("TST"), requesting that Calhoun provide Hunter with educational support services. Owens also had a telephone conference with the school principal and members of the TST to reiterate her concerns. After this conference, Owens met with the Mississippi State Department of Education ("State Department") to complain about Calhoun's failure to provide Hunter with

---

[2] This ruling contradicts Owens's claim that she had three days of personal leave remaining when she was terminated. Nevertheless, we view the facts in the light most favorable to Owens. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001) ("In deciding whether a fact issue has been created, the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.") (footnote and citation omitted). As discussed *infra*, this factual dispute does not alter the result of this appeal.

[3] Owens conducted testing for the other school district.

3

## No. 12-60897

adequate educational support. This was Owens's second call to the State Department concerning Hunter. Subsequently, the State Department ordered Calhoun to provide Hunter with educational support.

Owens filed suit in Mississippi state court, alleging that Calhoun violated the FMLA,[4] ADA, Age Discrimination in Employment Act ("ADEA"), First Amendment, and Fourteenth Amendment when it terminated her. Additionally, Owens argued that her termination constituted a breach of contract under state law. Calhoun filed a motion for summary judgment, which the district court granted. The district court found that Owens failed to present sufficient evidence to support her ADA claim, and even if she could have established a prima facie case, Calhoun had a legitimate nondiscriminatory reason for her termination. In regards to Owens's age discrimination claim, the district court held that the claim failed because she was not replaced by a younger teacher, and similar to her ADA claim, Calhoun had a legitimate nondiscriminatory reason. Owens's First Amendment claim failed, in the court's view, because she spoke on a matter of private concern. Moreover, Calhoun's conduct was not sufficiently arbitrary and capricious to constitute a violation of the Fourteenth Amendment. Consequently, because Owens did not have a viable federal claim remaining, the district court declined to exercise its supplemental jurisdiction over Owens's state law claim.

Owens proceeded to file a motion for the district court to reconsider its grant of summary judgment as to her federal claims and dismissal of her breach of contract claim; however, the court denied the motion. Owens timely appealed.

---

[4] Owens willingly withdrew her FMLA claim.

4

No. 12-60897

## II. DISCUSSION

Owens challenges the district court's dismissal of her ADA discrimination claim and First Amendment retaliation claim. We address each set of challenges in turn.

### A.    ADA Discrimination Claim

#### 1.    *Standard of Review*

We review a district court's grant of summary judgment de novo, applying the same standards used by the district court. *See Garcia v. LumaCorp, Inc.*, 429 F.3d 549, 553 (5th Cir. 2005) (citation omitted).    Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Courts must view the evidence in the light most favorable to the non-moving party. *See Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011) (citation omitted).  "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Rockwell v. Brown*, 664 F.3d 985, 990 (5th Cir. 2011) (citations omitted).

#### 2.    *Applicable Law*

The ADA prohibits employers from discriminating "against a qualified individual on the basis of [a] disability in regard to . . . [the] discharge of employees, . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To establish a prima facie case of discrimination under the ADA, Owens must prove that she: "1) suffers from a disability; 2) was qualified for the job; 3) was subject to an adverse employment action; and 4) was replaced by a non-disabled person or was treated less favorably than non-disabled employees." *Amsel v. Tex. Water Dev. Bd.*, 464 F. App'x 395, 399 (5th Cir. 2012) (per curiam) (unpublished) (citing *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995)).

If a party establishes a prima facie case of discrimination under the ADA, courts then engage in the *McDonnell Douglas* burden-shifting analysis. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000). That is, after the plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer to articulate a "legitimate, non-discriminatory reason for the adverse employment action." *McInnis*, 207 F.3d at 280. If the employer meets its burden, then the burden returns to the plaintiff to show that the legitimate non-discriminatory reason is simply pretext. *Id.* (citation omitted). "A prima facie case coupled with a showing that the proffered reason was pretextual will usually be sufficient to survive summary judgment." *Hammond v. Jacobs Field Servs.*, 499 F. App'x 377, 380–81 (5th Cir. 2012) (per curiam) (unpublished) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–48 (2000) and *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009)).

3.    *Discussion*

On appeal, Owens argues that the district court improperly granted summary judgment in Calhoun's favor on her ADA claim because there were genuine issues of material fact—mainly whether she could return to work. Calhoun, however, claims that Owens was not capable of working when she was terminated. Moreover, Calhoun maintains that the accommodations Owens suggests constitute a request for indefinite leave, which it was not obligated to provide and is not a reasonable accommodation. We assume but do not decide that Owens was able to establish a prima facie case of discrimination under the ADA.

Nevertheless, we conclude that Owens has failed to raise a genuine dispute of material fact whether Calhoun's reasons for her termination are mere pretext. To the contrary, the record is replete with evidence that Owens was fired for reasons other than her disability. First, Owens admits that she did not return to work before her FMLA leave expired. Second, she also failed to present

evidence that she told Calhoun a date when she would return to work. Rather, Owens relies on a phone conversation with her principal during which Owens merely stated that she had an upcoming doctor's appointment and thought she would be released to return to work then. This fails to establish pretext as she could not state with any certainty when she could return to work. Moreover, Owens failed to give Calhoun any documentation that she was cleared to work. During her termination hearing, Owens testified that she was capable of working and presented lay testimony that she was physically able to work. However, the school board's finding focused on the absence of a doctor's release,[5] which Owens failed to provide and still does not possess. Third, Owens worked part time for another school district while on leave under contract with Calhoun. In opposition, she stresses that the work-related activity she conducted for the other school district was of a limited duration, she volunteered to do it, and she was able to sit throughout the testing. Notwithstanding her characterization, she still engaged in more activity for the other school district than she was currently providing for Calhoun. Finally, Owens does not contest that she attended multiple educational conferences while on leave, which enabled her to receive credit for six hours of graduate coursework.

Ultimately, Owens has failed to present any evidence to suggest that she was fired for any reason other than those listed above. *See Sanchez v. Dallas/Fort Worth Intern. Airport Bd.*, 438 F. App'x 343, 347 (5th Cir. 2011) (per curiam) (unpublished) ("The issue at the pretext stage is whether [the defendant's] reason, even if incorrect, was the real reason for [the plaintiff's]

---

[5] The pertinent portion of the School Board's ruling is as follows:

The board finds you negligent in keeping school officials informed when you would return to work or when the doctor would release you to come back to work. The board found no evidence from documents submitted that you have been released by the doctor but this information was never submitted to district officials according to testimony and documents submitted to the board . . . .

termination." (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 899 (5th Cir. 2002)) (internal quotation marks omitted)).  Therefore, we conclude that the district court did not err in granting Calhoun summary judgment on Owens's ADA discrimination claim.[6]

## B.    First Amendment Retaliation Claim

We also review de novo the district court's grant of summary judgment in Calhoun's favor on Owens's First Amendment retaliation claim. *See Garcia*, 429 F.3d at 553 (citation omitted).

To state a claim for retaliation under the First Amendment, a plaintiff must allege that "1) she suffered an adverse employment action; 2) her speech involved a matter of public concern; 3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and 4) her speech motivated the employer's adverse action." *Modica v. Taylor*, 465 F.3d 174, 179–80 (5th Cir. 2006) (citation omitted).  Whether speech is a matter of public concern is a question of law.  *Salge v. Edna Indep. Sch. Dist.*, 411 F.3d 178, 184 (5th Cir. 2005) (citation omitted).

Owens alleges that Calhoun terminated her in retaliation for attempting to secure educational support for her son.  Owens concedes that her speech was not on a matter of public concern; however, she contends that she is still entitled to protection under the First Amendment.  Her argument is unpersuasive as it is well-established that "[t]he First Amendment protects a public employee's speech in cases of alleged retaliation *only* if the speech addresses a matter of

---

[6] Owens also argues that summary judgment was inappropriate because Calhoun violated the ADA by not determining whether she was capable of working before terminating her.  In addition, Owens maintains that Calhoun inhibited her from requesting an accommodation by firing her before she could request an accommodation.  Because Owens failed to raise these issues below, we do not address them.  *See Celanese Corp. v. Martin K. Eby Constr. Co. Inc.*, 620 F.3d 529, 531 (5th Cir. 2010) (citing *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009)) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal.").

No. 12-60897

'public concern.'" *Harris*, 635 F.3d at 692 (emphasis added) (quoting *Connick v. Myers*, 461 U.S. 138, 147 (1983)). In fact, in *Harris*, we faced a situation similar to the case at hand. We held that the plaintiff did not assert a viable First Amendment retaliation claim because "the record show[ed] only a mother who complained about the treatment her child received . . . ." *Id.* Similarly, Owens's speech dealt with securing educational support services for her son, not a matter of public concern. Consequently, the district court correctly granted summary judgment in Calhoun's favor on Owens's First Amendment retaliation claim.[7]

### III. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment in favor of Calhoun is AFFIRMED, and Owens's motion to dismiss her appeal as it relates to her state law claim is GRANTED.

---

[7] Because we hold that Owens did not speak on a matter of public concern, we need not decide whether Owens's failure to plead 42 U.S.C. § 1983 is fatal to her First Amendment retaliation claim or whether the district court erred by not granting Owens leave to amend her complaint to plead § 1983.