# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50417

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2014

Lyle W. Cayce
Clerk

JUDITH FRENCH; VIRGINIA J. FRENCH,

Plaintiffs-Appellants

v.

EMC MORTGAGE CORPORATION; THE BANK OF NEW YORK MELLON, formerly known as The Bank of New York as Successor Trustee to JP Morgan Chase Bank, N.A. as Trustee for Certificate holders of Bear Stearns Asset Backed Securities Trust 2006-3, Asset Banked Certificates, Series 2006-3; BEAR STEARNS, L.L.C.; BEVERLY MITRISIN; CHARLES THOMAS NATION; MORTGAGE ELECTRONIC REGISTRATION SERVICES.

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CV-100

Before REAVLEY, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

This case arises from the foreclosure sale of Appellants' home after they defaulted on their mortgage. Appellants challenge the removal of the case to federal court and the dismissal of their claims alleging deceptive lending practices on the part of Appellees. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50417

On December 1, 2005, Appellants executed an Adjustable Rate Note in the amount of $147,750, secured by a Deed of Trust on their home at 1271 Morrow Court, El Paso, Texas.  Appellants began to fall behind on their mortgage payments around October 2008.  On August 16, 2010, nearly a year after Appellants last made a loan payment, EMC, the mortgage servicer, sent two certified letters, notifying Appellants that it was accelerating the maturity date of the debt and scheduling a foreclosure sale for September 7, 2010.  The letters were returned as unclaimed, despite three delivery attempts.  On the scheduled foreclosure date, however, Appellants filed suit in state court and obtained an *ex parte* Temporary Restraining Order ("TRO"), enjoining the foreclosure.  Notwithstanding the TRO, a Substitute Trustee, appointed by EMC, sold the home to The Bank of New York (BONY) for $202,837.46.  Appellants, however, continue to live at the home.

Appellants initially alleged several causes of action under Texas law in their state court case to enjoin the foreclosure sale.  On March 20, 2012, however, Appellants filed an amended complaint that claimed, for the first time, that EMC's conduct was "in direct violation of . . . the Federal Fair Debt Collection Practices Act."  This amendment prompted Appellees to remove the case to federal court on the basis of federal question jurisdiction.  Appellants moved to remand, and the district court denied the motion.  Appellees then moved for summary judgment on all of Appellants' claims.  After Appellants failed to respond to the motion, the district court granted summary judgment and entered a final judgment against Appellants.  Appellants filed a motion for reconsideration, which was denied.  This appeal followed.

Appellants press three arguments.  First, they contend that removal was improper because the two references in their amended complaint to the Fair Debt Collection Practices Act ("FDCPA") are not sufficient to invoke federal question jurisdiction.  Citing *Grable & Sons Metal Prods. v. Darue Eng'g &*

No. 13-50417

*Mfg.*, 545 U.S. 308 (2005), *Merrell Dow Pharms. Inc. v. Thomas*, 478 U.S. 804 (1986), and *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001), Appellants assert that the district court should have considered the relative significance of the federal claim.  The rule from this line of authority, however, applies to cases that do not plead a cause of action arising under a federal statute, but where federal jurisdiction may exist over claims created by state law that "incorporate federal standards or require the interpretation of federal law." *Howery*, 243 F.3d at 917; *see also Grable & Sons Metal Prods.*, 545 U.S. at 312 (addressing state-law claims that implicate significant federal issues); *Merrell Dow Pharms. Inc.,* 478 U.S. at 805 (explaining that the question presented was whether federal jurisdiction existed over state-law action that incorporated a federal standard).  In the present case, Appellants referenced the FDCPA by way of asserting a cause of action under this federal statute.  As such, the amended complaint brought a claim "under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and was properly removed to federal court.  *See* 28 U.S.C. § 1441(a) (authorizing removal of civil actions over which the district court has original jurisdiction).[1]

Second, Appellants argue that summary judgment was unwarranted because Appellees failed to submit evidence that controverted the allegations in the amended complaint that Appellees engaged in deceptive mortgage practices.  Appellees' initial burden on summary judgment, however, was only

---

[1] Appellants do not argue that the district court erred in exercising supplemental jurisdiction over their state law claims.  To the contrary, Appellants concede that their claims "arise from an interlocked series of transactions."  The Court agrees that Appellants' claims derive from the same nucleus of operative fact, the servicing of their mortgage loan and the foreclosure of the subject deed of trust.  As such, supplemental jurisdiction was proper.  *See* U.S.C. § 1367(a) (authorizing supplemental jurisdiction where the state law claims are "so related" to the federal claims as to "form part of the same case of controversy"); *Mendoza v. Murphy*, 532 F.3d 342, 356 (5th Cir. 2008) (stating that supplemental jurisdiction exists when the federal and state claims "derive from a common nucleus of operative fact").

No. 13-50417

to point to an absence of evidence supporting Appellants' claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (holding that the party seeking summary judgment can satisfy its initial burden by demonstrating an absence of evidence to support the nonmoving party's case where the nonmoving party has the burden of proof at trial). Once Appellees made this initial showing, the burden shifted to Appellants to identify genuine issues of material fact. *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1160 (5th Cir. 1994) (shifting burden to nonmoving party after moving party pointed out to the district court that there was no evidence in the record to support nonmoving party's case). Appellants, however, did not respond to Appellees' motion, and the district court found no evidence in the record that supported Appellants' claims.

On appeal, moreover, Appellants do not point to any summary judgment evidence that demonstrates a genuine issue of material fact as to any of their claims. Instead, Appellants refer to a demand letter from the Texas Attorney General's office concerning JP Morgan Chase & Co.'s foreclosure practices and a stipulated final judgment from a federal lawsuit against EMC. Neither of these documents, however, evidences any misconduct in Appellants' case, and, in any event, they cannot be used to challenge the district court's summary judgment ruling because they were not in the record when the court issued the ruling. *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 549 (5th Cir. 1989) (holding that an appeals court is bound on summary judgment review to the record as it existed before the district court). Accordingly, we find no error in the district court's grant of summary judgment.

Finally, Appellants complain about the timing of the removal and the summary judgment motion. Specifically, Appellants claim that Appellees took advantage of the misfortune that befell Appellants' counsel and circumvented a discovery hearing in state court. In support, they point out that Appellees filed their notice of removal three days before a scheduled discovery hearing in

state court, and on the same day that Appellants' counsel received news that an immediate family member was stricken with a life-threatening illness. Appellants further indicate that counsel reduced his legal practice for a period of seven months until the family member's condition improved. Given counsel's family health emergency, Appellants argue that the failure to file a summary judgment response should be excused.

Appellants' grievances do not warrant relief. Appellees timely removed the state court action on the basis of the amended complaint, which Appellants filed six days before the discovery hearing. The fact that the removal occurred on the eve of the hearing is of no significance because the availability of removal is not dependent on whether the state court case has a pending hearing but rather on whether the defendant acts promptly upon notice that federal jurisdiction exists. *See* 28 U.S.C. § 1446. As to the summary judgment motion, Appellants had ample time to seek a continuance in the district court case. Appellees waited seven months from removal before moving for summary judgment, and the district court waited an additional three months before ruling on the motion. In light of Appellants' prolonged inactivity, which persisted for several months after counsel's emergency subsided, there was nothing improper about the summary judgment process.

**AFFIRMED**.