# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2014

Lyle W. Cayce
Clerk

No. 14-30330
Summary Calendar

PATRICK V. LEAUMONT,

Plaintiff - Appellant

v.

CITY OF ALEXANDRIA,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:13-CV-2397

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Patrick V. Leaumont appeals the district court's orders denying his motion to remand and granting summary judgment in favor of the City of Alexandria in this employment discrimination case. For the reasons that follow, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30330

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Patrick V. Leaumont has been employed by the City of Alexandria (the "City") as a Bus Department Transit Manager for approximately the past twenty years.  In that position, he performs safety-sensitive functions, including controlling the dispatch and movement of revenue service vehicles. Leaumont is subject to random drug testing under the City's Substance Abuse Policy and Procedures.

On July 10, 2012, Elaine McGee, a Personnel Analyst for the City, notified Leaumont that he had been selected to undergo random drug testing that day.  Leaumont failed to report for the test.  The following day, Leaumont called McGee and informed her that he had forgotten to take the drug test. She set up another drug test appointment for that day, July 11, 2012, which Leaumont attended.  Nonetheless, the City considered Leaumont's failure to report for the July 10 drug test a "refusal to test."  By letter dated July 12, 2012, the City's Director of Human resources, Alainna Mire, notified Leaumont that he was removed from safety-sensitive functions due to his refusal to test. The letter further informed Leaumont that he would be eligible for reinstatement with respect to those functions only after (1) a substance abuse professional evaluated him and deemed him eligible to return to work; and (2) he provided a negative drug test sample.

On July 31, 2012 the City received a release from a substance abuse professional who evaluated Leaumont, stating that Leaumont was eligible to return to safety-sensitive functions.  Leaumont then passed a drug test and, on August 3, 2012, the City reinstated Leaumont for performance of safety-sensitive functions.

On July 12, 2013, Leaumont filed this employment discrimination lawsuit in Louisiana state court, seeking compensatory damages and an injunction expunging his personnel records of any reference to the July 10

2

No. 14-30330

refusal to test.  The City removed the action on August 1, 2013 to the United States District Court for the Western District of Louisiana.  Leaumont filed a motion to remand, which was denied by both the magistrate judge, and, on appeal of that decision, the district court.  The City moved for judgment on the pleadings as to all claims, which the district court converted to a motion for summary judgment.[1]  The district court then granted the City's motion on various grounds and entered judgment in its favor.  Leaumont appealed.

## II.    STANDARD OF REVIEW

We review de novo a district court's denial of a motion to remand. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).  Removal is appropriate with respect to "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.  The burden of establishing jurisdiction is on the party seeking removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

We also review de novo a district court's order granting a defendant's motion for summary judgment and apply the same standard as did the district court.  *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir. 2006).  "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)).  We view the evidence in the light most favorable to the nonmovant.  *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).

---

[1] The district court determined that its disposition of the motion would require it to examine matters outside the scope of the pleadings.

## III.   DISCUSSION

### A.   Motion to Remand

Leaumont contends that there is no subject matter jurisdiction over this action and that, therefore, the lower court improperly denied his motion to remand.  The lower court found that it had jurisdiction based on the presence of a federal question.

District courts have original jurisdiction in all cases "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, *i.e.*, cases involving a federal question.  "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (citation, quotation marks, and brackets omitted).  However, "[e]ven if a plaintiff has a federal cause of action, he 'may avoid federal jurisdiction by exclusive reliance on state law.'" *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

The lower court determined that this case arises under federal law because Leaumont's petition[2] asserts a claim under the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. § 12101, *et seq*.  We agree.  The petition expressly states that "the above actions by the City are a violation of [La. Rev. Stat. Ann. §§] 23:322 & 323 and for [sic] 42 USC § 12101, *et seq*., particularly §[]12114." (emphasis added).  These are the only claims mentioned in the petition, and they clearly serve as the basis of this lawsuit.  Leaumont

---

[2] Louisiana law refers to a complaint as a petition; they serve the same purpose. *See* La. Code Civ. Proc. Ann. art. 854.

does not qualify or limit his affirmative assertion of an ADA claim elsewhere in the petition.  Leaumont contends, however, that his citation to the ADA was intended merely as a reference to aid in the analysis of his claims under the Louisiana Employment Discrimination Law ("LEDL"), La. Rev. Stat. Ann. § 23:323.  But the petition, fairly read, asserts independent claims under both the LEDL and the ADA.  Leaumont's subjective intent is irrelevant, as the jurisdictional analysis depends on the "face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392.  For this same reason, we must ignore Leaumont's failure to file a charge before the Equal Employment Opportunity Commission (EEOC), which Leaumont offers in support of his intent not to assert an ADA claim.[3]

Moreover, because Leaumont asserts a federal claim on the face of his petition, his reliance on cases in which the resolution of a state claim depends on the resolution of a federal issue is misplaced.  *See Empire Healthchoice Assur., Inc.*, 547 U.S. at 689–90 ("A case arises under federal law . . . if a well-pleaded complaint establishes either that federal law creates the cause of action *or* that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (emphasis added) (citations, quotation marks, and brackets omitted); *French v. EMC Mortgage Corp.*, No. 13-50417, 2014 WL 1679135, at *1, --- F. App'x --- (5th Cir. Apr. 29, 2014) (unpublished) ("The rule from this line of authority . . . applies to cases that do not plead a cause of action arising under a federal statute, but where federal jurisdiction may exist over claims created by state law that 'incorporate federal standards or require the interpretation of federal law.'" (quoting *Howery v. Allstate Ins.*

---

[3] Further, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

*Co.*, 243 F.3d 912, 917 (5th Cir. 2001))).[4]   Therefore, there is federal question jurisdiction over this action, and the lower court's denial of the motion to remand was appropriate.

### B.    Motion for Summary Judgment

On appeal, Leaumont also challenges the district court's grant of summary judgment in the City's favor on his ADA and LEDL claims.  As discussed above, Leaumont concedes that he never filed a charge with the EEOC prior to filing suit, as required by 42 U.S.C. § 2000e-5(e)(1).  Summary judgment was therefore warranted as to the ADA claim.  *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) ("It is undisputed that Dao did not file a disability discrimination charge with the EEOC or with a state or local agency.  Accordingly, the district court did not err by dismissing her ADA claim.").

The district court also properly granted summary judgment as to the ADA and LEDL claims because Leaumont failed to meet his burden of proof.  Under both statutes, a disability discrimination claim can succeed only if the plaintiff is "qualified" for the position, 42 U.S.C. § 12112(a); La. Rev. Stat. Ann. § 23:323(A), *i.e.*, if the plaintiff can perform the essential functions of the position, 42 U.S.C. § 12111(8); La. Rev. Stat. Ann. § 23:322(8).  Accordingly, a plaintiff who fails to show that he is qualified for the position has failed to establish a prima facie case under both the ADA and the LEDL.  *See Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995); *Conine ex rel. Estate of Addie v. Universal Oil Prods. Co.*, 42-409 (La. App. 2 Cir. 9/26/07); 966 So. 2d 763, 767, *writ denied*, 2007-2114 (La. 1/7/08); 973 So. 2d 729.

---

[4] In addition, whether a private cause of action exists for the federal claim is relevant only to this inapplicable line of cases.  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810–12 (1986).  In any event, contrary to Leaumont's assertion, there is a private cause of action for violations of the ADA.  42 U.S.C. § 12188(a)(1).

No. 14-30330

Here, the district court correctly determined that Leaumont was not qualified to perform the safety-sensitive functions of a Bus Department Transit Manager. Indeed, Leaumont was not qualified as a matter of law, as federal regulations precluded him from exercising those duties due to his refusal to test. *See* 49 C.F.R. § 655.49(a) ("No employer shall permit an employee who refuses to submit to such a [drug] test to perform or continue to perform safety-sensitive functions."). Nor was the City permitted to allow Leaumont to return to performance of those duties until Leaumont received approval from a substance abuse professional and submitted a negative drug test. *See* 49 C.F.R. § 40.305(a).

Leaumont argues that his missed July 10 drug test should not have been deemed a "refusal to test." Federal regulations define a "refusal to test" as a "[f]ail[ure] to appear for any test . . . within a reasonable time, *as determined by the employer*, consistent with applicable DOT agency regulations, after being directed to do so by the employer." 40 C.F.R. § 40.191(a)(1) (emphasis added). Here, the City's "Substance Abuse Policies and Procedures" state that "[a]n employee who has been notified that he or she has been selected for testing shall be required to report immediately to the collection site." Leaumont does not dispute that he failed to report to the collection site immediately, but instead took his test the day after he was notified. We agree with the lower court that although requiring an employee to report to the testing site "immediately" after being notified of the test may be unreasonable under certain hypothetical circumstances, it is not unreasonable to require the employee to report within the same day he is notified. Leaumont failed to do so. Moreover, Leaumont's argument that there is an exception to this reporting requirement where "unforeseen circumstances" prevent an employee from

7

attending a scheduled test is unsupported by any caselaw.[5]  Even if it were, such an exception would not apply here, as Leaumont concedes he merely "forgot" to go to the test.  There is also no support for Leaumont's argument that the City's decision to reschedule the July 10 appointment for July 11 somehow waived or nullified the federal regulations' requirements.  Therefore, pursuant to those regulations, Leaumont's refusal to test rendered him unqualified to perform safety-sensitive functions.  Accordingly, Leaumont could not establish a prima facie case under the ADA and the LEDL, and the lower court appropriately granted summary judgment in favor of the City.

## IV.    CONCLUSION

For the aforementioned reasons, we AFFIRM the judgment of the district court.

---

[5] Leaumont cites to *Duchek v. Nat'l Transp. Safety Bd.*, 364 F.3d 311, 312 (D.C. Cir. 2004), in support of this argument, but that case is inapposite.  There, the court addressed a unique situation where the employee was responsible for scheduling his own drug test.  *Id.* at 312–13.  The court determined that the employee had not refused to test because the test had never actually been scheduled—not because of any unforeseen circumstances preventing the employee from attending the test on a scheduled date.  *See id.* at 315–17.